# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GRIJALVA JR.,<br><br>           Petitioner,<br><br>     v.<br><br>JOHN C. MARSHALL,<br><br>           Respondent. | 1:07-cv-01665 AWI DLB HC<br><br>ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES<br><br>[Doc. 2] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on October 23, 2007, in the United States District Court for the Central District of California. On November 2, 2007, the petition was transferred to this Court, and filed on November 19, 2007. (Court Doc. 2.)

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In the instant petition, Petitioner raises the following three claims for relief: (1) "The third strike twenty-five-year-to-life sentence imposed for grand theft violates federal and state constitutional guarantees against cruel and unusual punishment"; (2) "Petitioner was denied effective assistance of counsel in his appeal because his appellate attorney failed to raise the issue presented here that was arguable and had a good chance of success"; and (3) "There was insufficient evidence at trial to prove that petitioner committed grand theft this is because the victim testified that if she was offered $350.00 for the CD's she would sell them this was a violation of the 14 Amendment of the United States Constitution this being the evidence was insufficient to find proof necessary to convince a trier of fact beyond a reasonable doubt of every element of the offense."  (Petition, at I.)

On the form petition, Petitioner states that he sought review in the California Court of Appeal, Fifth Appellate District and California Supreme Court.  However, Petitioner indicates that he only raised Ground One of the petition, i.e. that his 25-year-to-life sentence was cruel and unusual punishment, to the Court of Appeal and California Supreme Court.  (Petition, at 2-3.)

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

1  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

2  Additionally, the petitioner must have specifically told the state court that he was raising a

3  federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

4  F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court

5  violated his due process rights "he must say so, not only in federal court but in state court."

6  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

7  Because it is not clear if all of the claims presented in the instant federal petition for writ

8  of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show

9  cause regarding exhaustion. If possible, Petitioner should present to the Court documentary

10  evidence that the claims were indeed presented to the California Supreme Court.[1]

11  Accordingly, it is HEREBY ORDERED that:

12  1.  Within thirty (30) days from the date of service of this order, Petitioner shall show

13  cause as to what claims were presented to the state's highest court; and

14  2.  Failure to comply with this order may result in the action be dismissed for failure

15  to comply with a court order. Local Rule 11-110.

17  IT IS SO ORDERED.

18  Dated: **November 27, 2007**         /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

3