1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  LOUIE GRIJALVA JR.,                          1:07-cv-01685 AWI DLB HC

10                        Petitioner,           ORDER REQUIRING RESPONDENT TO FILE
                                                RESPONSE
11         v.
                                                ORDER SETTING BRIEFING SCHEDULE
12
    JOHN C. MARSHALL,                           ORDER DIRECTING CLERK OF COURT TO
13                                              SERVE DOCUMENTS ON ATTORNEY
                          Respondent.           GENERAL
14  _____/

15
16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
17  pursuant to 28 U.S.C. § 2254.
18         The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to
19  Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil
    Procedure,[1] the Court HEREBY ORDERS:
20
21         1.      Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the
                   following:
22
23                 A.      AN ANSWER addressing the merits of the Petition and due within
                           **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules
24
                           Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469,
25

26         _____
27                 [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the
    practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the
    practice of civil actions."  Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the
28  extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under
    these rules."  Rule 11, Rules Governing Section 2254 Cases.

1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an

Answer.).

–   Respondent SHALL INCLUDE with the Answer any and all

transcripts or other documents necessary for the resolution of the

issues presented in the Petition. Rule 5 of the Rules Governing

Section 2254 Cases.

–   Any argument by Respondent that Petitioner has *procedurally*

*defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

addresses the merits of the claims asserted. This is to enable the

Court to determine whether Petitioner meets an exception to

procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th

Cir. 1997) (Procedurally defaulted claims may be reviewed on the

merits to serve the ends of justice);  Jones v. Delo, 56 F.3d 878 (8th

Cir. 1995) (the answer to the question that it is more likely than not

that no reasonable juror fairly considering all the evidence,

including the new evidence, would have found Petitioner guilty

beyond a reasonable doubt necessarily requires a review of the

merits).

–   Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from

the date Respondent's Answer is filed with the Court.

B.   A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of*

*service* of this order based on the following grounds:[2]

i.   EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate.*" Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

for Petitioner's failure to exhaust state court remedies SHALL
INCLUDE copies of all the Petitioner's state court filings and
dispositive rulings relevant to the examination of the statute
limitations issue as required by <u>Ford v. Hubbard</u>, 330 F.3d 1086
(9th Cir. 2003) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003);

  ii. STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A
Motion to Dismiss the Petition as filed beyond the one year
limitations period SHALL INCLUDE copies of all Petitioner's
state court filings and dispositive rulings.

  iii. SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A
Motion to Dismiss the Petition on the basis of § 2244(b) SHALL
include a copy of the previously filed federal Petition and
disposition thereof.

2. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within
EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL
be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES
to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8)
days, plus three days for mailing. Replies to Oppositions to all other Motions
SHALL be served and filed within eight (8) days, plus three days for mailing. If
no opposition is filed, all motions are deemed submitted at the expiration of the
opposition period.

3. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE
and RETURN to the Court along with the Response or Motion to Dismiss, a
Consent form indicating whether the party consents or declines to consent to the
jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C.
§ 636(c)(1).

4. RESPONDENT SHALL submit a Notice of Appearance as attorney of record
within **SIXTY (60)** days of the date of service of this order for purposes of service

3

1    of court orders.  See, Local Rule 83-182(a), 5-135(c).

2    5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a

3          copy of the PETITION and any exhibits/attachments, on the Attorney General or

4          his representative.[3]

5    All motions shall be submitted on the record and briefs filed without oral argument unless

6    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

7    applicable to this order.

8    IT IS SO ORDERED.

9    **Dated:    June 16, 2008**          _____ /s/ **Dennis L. Beck**_____
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Respondent is advised that a scanned copy of the petition for writ of habeas corpus is available through the Court's Electronic Case Filing System ("CM/ECF").

4