1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

LOUIE GRIJALVA JR.,                                    1:07-cv-01665 AWI DLB HC

10
                          Petitioner,                  FINDINGS AND RECOMMENDATION
                                                       REGARDING RESPONDENT'S MOTION TO
11        v.                                           DISMISS

12                                                     [Doc. 15]
JOHN C. MARSHALL,

13
                          Respondent.
14 _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.

18                                    PROCEDURAL HISTORY

19        Petitioner is in the custody of the California Department of Corrections and

20 Rehabilitations following a conviction on October 17, 2003, in the California Superior Court,

21 Kern County, for grand theft from the person, with prior serious or violent felony convictions.

22 (CT at 186-188; Lodged Doc. No. 2, Opinion, at 2.)

23        Petitioner filed a timely notice of appeal with the California Court of Appeal, Fifth

24 Appellate District.  The Court of Appeal affirmed the judgment.  (Lodged Doc. No. 2, Opinion,

25 at 3, 6.)

26        Thereafter, Petitioner filed a petition for review in the California Supreme Court, which

27 was denied on September 29, 2004.  (Lodged Doc. No. 3.)

28        On February 22, 2006, Petitioner filed a petition for writ of habeas corpus in the Kern

1

1    County Superior Court.[1]  The petition was denied on April 21, 2006.  (Lodged Doc. No. 4.)

2        On August 7, 2006, Petitioner filed a petition for writ of habeas corpus in the California

3    Court of Appeal.  The petition was denied on August 10, 2006.  (Lodged Doc. No. 5.)

4        On April 5, 2007, Petitioner filed a petition for writ of habeas corpus in the California

5    Supreme Court, which was denied on August 22, 2007.  (Lodged Doc. No. 6.)

6        Petitioner filed the instant petition for writ of habeas corpus on October 23, 2007, in the

7    United States District Court for the Central District of California, Western Division.  The petition

8    was transferred and filed in this Court on November 19, 2007. (Court Doc. 1.)

9        Respondent filed the instant motion to dismiss on September 15, 2008.  (Court Doc. 15.)

10   Petitioner filed an opposition on October 10, 2008, and Respondent filed a reply on October 29,

11   2008.  (Court Docs. 18, 19.)

12                              DISCUSSION

13   A.      Procedural Grounds for Motion to Dismiss

14        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

15   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

16   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

17        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

18   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

19   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

20   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

21   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

22   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

23   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

24   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

25   Supp. at 1194 & n. 12.

26        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

27

28         [1] Although the date of service of the petition is January 19, 2006, because the mailbox rule does not benefit Petitioner in this instance, the Court will use the dates the petitions were actually filed.

1   2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

2   to dismiss pursuant to its authority under Rule 4.

3   B.        Limitation Period for Filing a Petition for Writ of Habeas Corpus

4          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

5   of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

6   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

7   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

8   S.Ct. 586 (1997).  The instant petition was filed on October 23, 2007, thus, it is subject to the

9   provisions of the AEDPA.

10         The AEDPA imposes a one year period of limitation on petitioners seeking to file a

11  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

12  subdivision (d) reads:

13         (1)  A 1-year period of limitation shall apply to an application for a writ of
       habeas corpus by a person in custody pursuant to the judgment of a State court.
14     The limitation period shall run from the latest of –

15             (A) the date on which the judgment became final by the conclusion of
       direct review or the expiration of the time for seeking such review;
16
               (B) the date on which the impediment to filing an application created by
17     State action in violation of the Constitution or laws of the United States is
       removed, if the applicant was prevented from filing by such State action;
18
               (C) the date on which the constitutional right asserted was initially recognized
19     by the Supreme Court, if the right has been newly recognized by the Supreme Court and
       made retroactively applicable to cases on collateral review; or
20
               (D) the date on which the factual predicate of the claim or claims
21     presented could have been discovered through the exercise of due diligence.

22         (2) The time during which a properly filed application for State post-
       conviction or other collateral review with respect to the pertinent judgment or
23     claim is pending shall not be counted toward any period of limitation under this
       subsection.
24

25         In most cases, the limitation period begins running on the date that the petitioner's direct

26  review became final.  Here, Petitioner was convicted on October 17, 2003.  The petition for

27

28

3

1  review was denied by the California Supreme Court on September 29, 2004.[2]   Thus, direct

2  review would conclude on December 28, 2004, when the ninety (90) day period for seeking

3  review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887

4  (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review"

5  includes the period within which one can file a petition for a writ of certiorari in the United

6  States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would

7  have one year from December 29, 2004, absent applicable tolling, in which to file his federal

8  petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001)

9  (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of

10  statutory tolling applicable to the one year limitations period.)  Because the instant petition was

11  filed after December 28, 2005, it is untimely, absent any applicable tolling.

12  C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

13          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

14  application for State post-conviction or other collateral review with respect to the pertinent

15  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

16  U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is

17  tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

18  during the intervals between one state court's disposition of a habeas petition and the filing of a

19  habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also

20  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

21  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if

22  the state court explicitly states that the post-conviction petition was timely or was filed within a

23  reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis,

24  546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been

25  untimely in state court will not satisfy the requirements for statutory tolling. Id.  The limitations

26  _____

27  [2]Cal. R. Ct. 8.532(b)(2) providing that an order of the Supreme Court denying a petition for review of a
decision of a Court of Appeal becomes final when it is filed.

28  [3]See U.S. Sup.Ct. R. 13(1)

1  period, however, will not toll for the time a petition for writ of habeas corpus is pending in

2  federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

3         In his opposition, Petitioner contends that he is entitled to a later start of the one-year

4  limitations period under 28 U.S.C. § 2244(d)(1)(D), because the factual predicate of his claim

5  was not discovered until August, 2005, when he received and reviewed his record from appellate

6  counsel.  To this end, he contends that he did not believe he could go forward with the state or

7  federal petition without the record, and he was not able to discover the factual predicate of his

8  claims without the record.  Petitioner submits a letter by appellate counsel, dated October 7,

9  2004, which states that the "transcripts are being sent to you separately."  (Opposition, at 22.)

10  Petitioner did not file his first state post-conviction collateral petition until February 22, 2006.

11         Title 28, of the United States Code, Section 2244(d)(1)(D), states the relevant date as "the

12  date on which the factual predicate of the claim or claims presented could have been discovered

13  through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Even assuming Petitioner's

14  assertion is true and he did not receive a copy of his record until August, 2005, he is still not

15  entitled to a later start of the limitations period based on his own lack of due diligence.  First,

16  Petitioner fails to demonstrate that a copy of the transcripts and/or record were a necessary

17  prerequisite to the filing of a collateral petition.  Although Petitioner states that he did not believe

18  he could file a petition without the record, Petitioner fails to demonstrate how he was unaware of

19  his claims without a copy of the transcripts since he was present during the course of his trial and

20  sentencing.  Indeed, Petitioner's claims are based on: (1) the alleged cruel and unusual nature of

21  his sentence; (2) ineffective assistance of appellate counsel for failing to raise the claim on

22  appeal; and (3) insufficient evidence to support his conviction.  (Opposition, at 7.)  Petitioner

23  was present at the time of sentencing, he knew of appellate counsel's failure to raise the claim on

24  appeal at the time of filing in 2003 or, at a minimum, when the state appellate court issued its

25  opinion on July 27, 2004, and Petitioner was undoubtedly present at the time the evidence was

26  presented at trial of which he was convicted.  Petitioner presents no evidence to demonstrate that

27  he was unable to consult his own memory and cannot now claim that he was unaware of the

28  factual predicate of his claims.  See e.g. United States v. Battles, 362 F.3d 1195, 1198 (9th Cir.

1    2004) ("Surely due diligence requires that [Petitioner] at least consult his own memory of the

2    trial proceedings.).

3         In addition, even if Petitioner were able to demonstrate that he could not discover the

4    "factual predicate" of his claims until receipt of the record, he has nonetheless failed to

5    demonstrate the exercise of due diligence on his part. Petitioner does not demonstrate what

6    action was taken after receipt of the October 7, 2004, letter.  Indeed, Petitioner does not indicate

7    what, if any, action was taken to obtain a copy of his transcripts.  To the contrary, Petitioner

8    apparently did nothing for ten months following counsel's letter of October, 2004, letter.

9         The first through third state post-conviction petitions do not qualify to toll the limitations

10   period, because the first petition was not filed until February 22, 2006, well after the statute of

11   limitations expired.  Because the limitations period had already expired, the collateral challenge

12   had no tolling consequence.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White,

13   223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations

14   period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v.

15   Carey, 2002 WL 1346354 (N.D.Cal.2002).

16   D.    Equitable Tolling

17        For the same reasons discussed above, Petitioner contends that he is entitled to equitable

18   tolling based on the fact that he did not receive his appellate record until August, 2005, and the

19   reliance on appellate counsel's advice that he need not file a collateral petition until January 3,

20   2006, in state court (of which he did not do).

21        The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

22   that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

23   stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

24   of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

25   (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

26   denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

27   tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

28   Enters., 5 F.3d 391, 395 (9th Cir.1993).

1    First, he could have filed a petition without copies of his appellate court record. See e.g.

2  In re Clark, 5 Cal.4th 750, 798 n.35 ("The court will take judicial notice of its own records and of

3  the prior petitions filed by or on behalf of a petitioner. . . . the record of the appeal and of any

4  prior petition is readily available to this court"); see also United States v. Battles, 362 F.3d at

5  1197 ("lack of transcripts [does] not actually make it impossible" to file a habeas petition).  In

6  addition, it is unnecessary for Petitioner to obtain and/or submit a copy of his transcripts before

7  filing a federal petition, as Respondent is be required to lodge such documents. See Rule 5(c) of

8  the Rules Governing Section 2254 cases.  Moreover, Petitioner has failed to demonstrate the

9  exercise of diligence in obtaining the transcripts or that it was an extraordinary circumstance that

10  prevented timely filing.  Not only did Petitioner fail to exercise due diligence in seeking to obtain

11  a copy of his "appellate record" from counsel, he also failed to exercise due after his alleged

12  receipt of the transcripts in August, 2005, by delaying an additional six months before filing his

13  first state post-conviction petition.  Petitioner's ignorance of the law or reliance on appellate

14  counsel's alleged ignorance does not warrant equitable tolling. Raspberry v. Garcia, 448 F.3d

15  1150, 1154 (9th Cir. 2006) (A petitioner's lack of legal sophistication is not, by itself, an

16  extraordinary circumstance warranting equitable tolling.); Lawrence v. Florida, 127 S.Ct. 1079,

17  1085 (2007) (". . . Lawrence argues that his counsel's mistake in miscalculating the limitations

18  period entitles him to equitable tolling.  If credited, this argument would essentially equitably toll

19  limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation

20  is simply not sufficient to warrant equitable tolling, particularly in the postconviction context

21  where prisoners have no constitutional right to counsel" citing Coleman v. Thompson, 501 U.S.

22  722, 756-757 (1991)); see also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)

23  (miscalculation of limitations period by counsel is generally not sufficient to constitute

24  extraordinary circumstance to warrant equitable tolling).  Accordingly, Petitioner has not made a

25  sufficient showing to warrant equitable tolling, and the instant petition must be dismissed as

26  untimely.[4]

27  ────────────

28      [4] Although Petitioner requests an evidentiary hearing, because he has failed to demonstrate a factual basis
for his claim of statutory or equitable tolling, an evidentiary hearing is not warranted.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss the instant petition as time-barred under § 224(d)(1) be GRANTED; and,

2.  The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 5, 2008**                      _/s/ **Dennis L. Beck**_
UNITED STATES MAGISTRATE JUDGE