# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GRIJALVA JR., | 1:07-cv-01665 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF DENIAL OF CERTIFICATE OF APPEALABILITY |
| v. | |
| JOHN C. MARSHALL, | [Doc. 26] |
| Respondent. | |

On February 17, 2009, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, was dismissed with prejudice as untimely under § 2244(d)(1). (Court Doc. 24, 25.) The Court also declined to issue a certificate of appealability. (Court Doc. 24.)

On March 9, 2009, Petitioner filed a motion for reconsideration of the Court's denial of a certificate of appealability. (Court Doc. 26.)

Petitioner argues that the Court failed to considering the underlying merits of his constitutional claims. First, to the extent Petitioner contends the merits of his claims are relevant to the determination of timeliness of the federal petition, his argument is without merit. The merits of the federal petition are not relevant to whether extraordinary circumstances exist justifying the late filing of the habeas petition; showing of extraordinary circumstances related to filing of the petition itself is required. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action.").

1

Petitioner appears to argue that this Court failed to consider the merits of his underlying claim in determining whether to grant a certificate of appealability, and cites Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000), among others, to support his argument. However, contrary to Petitioner's contention, Lambright does not support his position. As stated in Lambright:

> The issue of whether to grant a COA "becomes somewhat more complicated where, as here, the district court dismissed the [claims] based on procedural grounds." *Slack*, 120 S.Ct. At 1604. In those situations, the court must engage in a two-part *Barefoot* inquiry. *Id*. First, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id*. Second, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Frequently, as in this case, the district court has dismissed a claim on a procedural ground without providing the petitioner an opportunity to develop its factual or legal basis through full briefing and an evidentiary hearing. In such cases, we need not remand for full briefing to determine whether a COA can issue. Rather, as two other circuits have recently held, we will simply take a "quick look" at the face of the complaint to determine whether the petitioner has "facially allege[d] the denial of a constitutional right." *Jefferson v. Welborn*, 222 F.3d 286, 289; *see also Franklin v. Hightower*, 215 F.3d 1196, 1199 (granting a COA after finding the district court's procedural ruling debatable, taking the petitioner's "allegations as true," and determining that the claims were of arguable merit). [fn] If he has facially alleged the denial of a constitutional right, and assuming that the district court's procedural ruling is debatable, we will grant a COA.

Lambright, 220 F.3d at 1026-1027.

Thus, Petitioner must show both a facially valid denial of a constitutional right and that the district court's procedural ruling is debatable. Slack v. McDaniel,[1] 529 U.S. 473, 485 (2000) ("a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.") Petitioner's argument in his motion for reconsideration pertains largely to the merits of his claims and do not address the question of whether the petition was properly dismissed as untimely. As stated in the Court's February 17, 2009, order, relying on the second prong of the Slack standard, the Court does not find that jurists of reason would find it debatable whether the petition was properly dismissed as untimely.

---

[1] In order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration of the Order Denying a Certificate of Appealability is DENIED.[2]

IT IS SO ORDERED.

Dated: May 25, 2009              /s/ Anthony W. Ishii
                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Petitioner's motion is addressed to the Ninth Circuit. This action is not yet pending before the Ninth Circuit because Petitioner has not yet filed a notice of appeal. Once the notice of appeal is filed, Petitioner may then make any appropriate motions before the Ninth Circuit.

3